<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK PLASKON<br><br>*Plaintiff,*<br><br>v.<br><br>ANN M. CUCCI,<br><br>*Defendant.* | Case No. 2:25-cv-03006-JKS-SDA<br><br>**OPINION AND ORDER**<br><br>February 20, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon *pro se* Plaintiff Mark Plaskon's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application") (ECF 1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th

1

at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the Court dismisses this Complaint for lack of jurisdiction. A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; and

**WHEREAS** here, Plaintiff alleges that Defendant ran over his foot with her car, causing nerve damage. (ECF 1 at 4, 6-8.) Defendant alleges that both he and Defendant are citizens of New Jersey. (ECF 1 at 1-3.) Accordingly, since Plaintiff and Defendant both appear to be citizens of New Jersey, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332; and

2

**WHEREAS** there is also no federal question jurisdiction. Plaintiff's exact cause of action against Ms. Cucci is for common law battery.[1] This claim does not arise under the Constitution or laws of the United States. Accordingly, this Court has no basis for exercising subject matter jurisdiction, and the Complaint is dismissed without prejudice.

**IT IS** on this 20th day of February 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:        Clerk
cc:          Stacey D. Adams, U.S.M.J.

---

[1] A common law claim for battery "requires one to intentionally cause harmful or offensive contact with one's person without their consent." *Buvel v. Bristol Myers Squibb Co.*, No. 22-6449, 2024 WL 3824025, at *4 (D.N.J. Aug. 15, 2024) (citations omitted).

3